Argued July 9, affirmed September 22, 1971

KIRBY ET UX, *Appellants, v.* DEPARTMENT
OF REVENUE, *Respondent.*

ELDER ET UX, *Appellants, v.* DEPARTMENT
OF REVENUE, *Respondent.*

488 P2d 801

*David C. Silven,* Baker, argued the cause for appellants. With him on the briefs were Banta, Silven, Young & Marlette, Baker.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Donald C. Seymour, Assistant Attorney General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN,* TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

In June of 1960, plaintiffs John B. Kirby and F. W. Elder, as equal partners, purchased the Frying Pan Ranch in Malheur County, Oregon, for $150,000. The ranch consisted of 15,823 acres of land, Federal Bureau of Land Management permits covering 250,000 acres for cattle grazing, and a small amount of personal property.

On December 8, 1964, plaintiffs agreed, in writing, to sell the ranch to United Farms, a corporation, for $375,000. On *January 25, 1965,* plaintiffs deeded the ranch property to Norman F. Bundgard, Robert J. Bundgard, Sally Bundgard, and Joyce L. Conrow, the shareholders of United Farms, and received $50,000 of the agreed sales price. Simultaneously, the grantees executed and delivered to plaintiffs their promissory

---

* Holman, J., did not participate in the decision of this case.

note and a mortgage on the property *as security for payment for the balance of the sale price.* On July 28, 1965, plaintiffs received $30,000 as payment on the note, and the balance of $295,000 was received on August 24, 1965.

The Oregon Legislature, at the 1965 regular session, adopted Oregon Laws 1965, ch 410, codified as ORS 316.405 (1967 Replacement Parts), repealed by Oregon Laws 1969, ch 493, § 99, which provides, in part, as follows:

"(1) For sales or exchanges occurring on or after July 1, 1965, subject to the limitations otherwise provided by ORS 316.320, 316.353 and 316.405 to 316.425, there shall be excluded from gross income one-half of any income item taxable to the taxpayer under this chapter which is taxable to the taxpayer as a long-term capital gain under the federal Internal Revenue Code provisions as of January 1, 1965.

"* * * * * *.

"Sec. 9. This 1965 Act * * * shall apply to sales or exchanges occurring on or after July 1, 1965."

Plaintiffs filed their tax returns on the basis that ORS 316.405 entitled them to report the two installment payments received on July 28, 1965, and August 24, 1965, as capital gains and thereby excluding, for tax purposes, one-half of the gross income represented by these two payments. The Department of Revenue denied this contention and issued orders of deficiency. The Oregon Tax Court sustained the order of the Department of Revenue, 4 OTR Adv Sh 213 (1970). The plaintiffs appealed.

The parties stipulated that, for all purposes, the sale was consummated in January 1965. The evidence

shows that the sale was completed on January 25, 1965.

Plaintiffs raise two questions on appeal: "(1) [W]hether the appellants are entitled to the capital gains provisions of Oregon Laws 1965, ch 410, as to installments received after July 1, 1965"; "(2) [I]f not, whether the appellants can claim the benefits under said Act if the fair market value of the mortgage received by them in January, 1965, is less than its face value."

On their first question, they rely on a "temporary rule" published in XVII Legal Department Abstracts, No. 1 (July 30, 1965), and XX Legal Department Abstracts, No. 5 (August 2, 1965), and also on the instructions on Form 40-D, tax return schedule for capital gains and losses, 1965, citing *Livingston v. Commission,* 1 OTR 461 (1964).

■ Such a "temporary ruling" is not binding on this court. Nevertheless, the "temporary ruling" was never intended to apply to the facts of this case. Many taxpayers had sold property prior to 1965 on the installment basis and received "initial payments" not exceeding thirty (30) percent of the selling price and had elected to make tax returns on the installment basis pursuant to ORS 316.190 (1967 Replacement Parts), repealed by Oregon Laws 1969, ch 493, § 99, which provided:

"(b) * * * [I]f * * * the initial payments do not exceed 30 percent of the selling price, the income may * * * be returned on the basis and in the manner prescribed in ORS 316.185. [Installment payments actually received in that year which the gross profit realized bears to the total contract price.] * * * '[I]nitial payments' means the payments received * * * during the tax year in which

the first payment on account of the sale or other disposition is received."

The "temporary ruling" was intended to fill the hiatus for taxpayers who had elected and made returns on the installment basis prior to 1965.

> "The purpose of the installment method of reporting is to permit the spreading of the tax over the period of the payments * * * so that the tax could be paid 'from the proceeds collected rather than be advanced by the taxpayer' * * *." 2 Mertens, Law of Federal Income Taxation, § 15.01 at 2.

The plaintiffs rely on *U. S. v. Eversman,* 133 F2d 261 (6th Cir 1943) ; *Phillips v. Frank,* 295 F2d 629 (9th Cir 1961) ; and *Willhoit v. C. I. R.,* 308 F2d 259 (9th Cir 1962). Each of these cases is clearly distinguishable from the facts of the case at bar.

■ Obviously, the plaintiffs cannot qualify under ORS 316.190 (installment method). They received all of the purchase price in the year 1965, and the sale was completed on January 25, 1965, prior to the effective date of ORS 316.405.

■ On their second question, plaintiffs contend that the cash received in January 1965, plus the fair market value of the purchase price of the mortgage at the time they received it, less expenses, are taxable at ordinary rates and all other receipts ($325,000 received after July 1, 1965) are taxable as capital gains. They offered some evidence that because the mortgage contained certain defects there was no ready market for it and, therefore, they realized *no profit* until after July 1, 1965; that they received the cash, thereby realizing their profit, after July 1, 1965. The cases cited in support of this theory are not applicable to the facts of this case. ORS 316.405 makes no mention of

*profits realized.* It relates to "sales or exchanges occurring on or after July 1, 1965." The note and mortgage executed on January 25, 1965, consummated the sale and the same was paid in full by August 24, 1965.

The Oregon Tax Court is affirmed.